**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**JASHUB COROTHERS,**

Petitioner,

v.

**Case No: 5:26-CV-83**
Judge Bailey

**KEN HOOVER,**

Respondent.

## <u>ORDER AND ROSEBORO NOTICE</u>

The respondent has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment in response to your habeas petition pursuant to 28 U.S.C. § 2241. Because you are not represented by counsel, this "Roseboro Order" is issued to advise you of the dismissal/summary judgment procedures and the possible consequences if you fail to respond adequately to the respondent's motion.

You have 21 days from the date of this order to file any material in opposition to the motion that the respondent filed. If you fail to respond adequately, the court may grant the respondent's motion, which may end your case.

Pursuant to LR PL P 11(b), your response shall not exceed 25 pages. The respondent's reply, if any, will be filed within 14 days of the docketing of your response and will not exceed 15 pages. LR PL P 11(c).

### Explanation of Motions to Dismiss

Motions to dismiss can be filed pursuant to Fed. R. Civ. P. 12.  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a court is authorized to adjudicate the claims brought before it.  The petitioner bears the burden of proving that subject matter jurisdiction exists.  In deciding whether jurisdiction exists, a court is to consider the pleadings as mere evidence and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.  If a court determines at any time that it lacks jurisdiction, it must dismiss the action.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007) (quoting ***Conley v. Gibson***, 355 U.S. 41, 47 (1957)).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007).  *See* ***Ashcroft v. Iqbal***, 556 U.S. 662, 679 (2009). A petitioner must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

Courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft*, 556 U.S. at 678.  A well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  *Id*.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Republican Party of North Carolina v. Martin*, 980  F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (1990)).  In considering a motion  to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

Petitioner is also notified of the right to file counter-affidavits and other relevant materials and is informed that the failure to do so might result in dismissal of this case. *See Carter v. Hutto*, 781 F.2d 1028, 1033 (4th Cir. 1986).

### Explanation of Motions for Summary Judgment

Motions for summary judgment filed by respondents pursuant to Fed. R. Civ. P. 56, and memoranda in support of such motions, argue that the petitioner's claims are not supported by the specific facts of the case. Because motions for summary judgment concern both questions of law and questions of fact, if the court finds that there is not any genuine dispute as to any material fact on a claim, the Court will determine which party is entitled to judgment under the law. The court decides a motion for summary judgment

3

on the basis of the applicable law, the pleadings, affidavits, declarations, and any other properly-submitted evidence.

## Your Response to the Respondent's Motion

Your filing in opposition to the respondent's Motion should be captioned either as "Response to Motion to Dismiss" or "Response to Summary Judgment," as applicable, and should include the following: (1) an explanation of your version of the facts, if different from respondent's version of the facts; and (2) your legal argument regarding why the court should not grant the motion and end your case. Rule 56(c) requires that you support your version of all disputed facts with materials such as depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Your failure to support facts in dispute with such material may result in the court granting the motion. Any affidavits or declarations you file in opposition to summary judgment must be based on personal knowledge, contain facts admissible in evidence, and be signed by a person who would be competent to testify on matters contained in the affidavit or declaration if called to testify about them at trial. The Court will not consider affidavits, declarations, or exhibits that are unrelated to this case or affidavits or declarations that contain only conclusory statements or arguments of fact or law. If you fail to dispute the respondent's version of the facts with proper support of your own version, the court may consider the respondent's facts as undisputed.

All affidavits, declarations, or other evidence you submit to the Court must be made in good faith and the facts sworn to in the affidavit or affirmed in the declaration must be

true. All affidavits and declarations submitted in this case are submitted under penalties of perjury or subornation of perjury. 18 U.S.C. §§ 1621 and 1622. If the court finds that a party has presented affidavits, declarations, or other evidence in bad faith or only to delay the action, the court may order sanctions, payment of fees, or hold that party in contempt of court.

It is so **ORDERED**.

The Clerk of the Court is directed to mail a copy of this Order to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record via electronic means.

**DATED:** May 8, 2026.

/s. James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE